TUCKER, Judge.
This suit is brought to recover One Hundred Thirty and No/100 ($130.00) Dollars, with interest at the rate of 5% per annum from October 29, 1969 and attorney fees in the amount of twenty-five (25%) per cent per annum of the principal amount due, for the purchase price of five hundred (500) desk calendars purchased by the defendant pursuant to written purchase order, containing on its face the advertisement copy to be printed on the calendars.
According to the narrative of facts agreed to by both attorneys which constitutes the record in this case, the defendant refused to pay for the calendars after their delivery to him, because they did not bear his address upon them. He notified plaintiff to this effect and asked plaintiff to pick up the calendars, because they were of no use to him without his address. Plaintiff informed defendant that the calendars had been printed according to the written purchase order, but defendant said that he did not recall that the advertising copy was on the purchase order; that he believed that the plaintiff had added it later.
Plaintiff alleges further that, even if the advertisement copy on the purchase order were incorrect, it was the policy of the company to submit to the customer a notice showing the copy as it would be printed and requesting the customer to notify the plaintiff if any changes were desired. Having submitted this advance copy to the defendant and not having heard from him within a reasonable time, plaintiff assumed that he approved the copy as submitted and had the calendars printed accordingly.
The Judge of the City Court of Baton Rouge decided in favor of the defendant, giving no written reasons for his judgment. Plaintiff appealed from this judgment, alleging error on the part of the City Court in permitting parol testimony to vary the terms of a written contract and *525 especially of one which expressly prohibited verbal modification. The appellant claims that the City Court erred additionally in accepting defendant’s charge of fraud or error on the plaintiff’s part in saying that the original contract showed the desired advertisement copy on its face, whereas it had allegedly been added later, without proving this charge by a preponderance of the evidence. Plaintiff-appellant also alleges error by the City Court in not finding that defendant had ratified the original contract, including the advertisement copy when he failed to notify the plaintiff that he desired to have his address on the calendars after receiving the sample copy, the receipt of the sample copy not having been specifically denied by defendant.
Defendant-appellee has not favored this court with a brief; the trial court gave no written reasons for judgment; the only record of the proceedings below is a two page narrative account of the trial, in which both attorneys concurred; and no oral argument was presented on appeal. This court is required to base its judgment upon the meager record presented to it.
There seems to be no proof of defendant’s charge that plaintiff had added the advertising copy to the face of the written purchase order except defendant’s equivocal unsupported and uncorroborated testimony to the effect that he did not specifically remember that the advertisement copy for the 1970 calendars was set forth on the purchase order, and that he believed that it was added subsequent to his signing the order. This testimony can hardly sustain the burden of proof required in the case of fraud.
 This court finds that the contract set forth in the record containing the advertisement copy, is the true contract, and defendant’s testimony that he wanted his new address to be printed on his calendars cannot be admitted to vary the clear terms of this written purchase order contrary to the principles of law set forth in Civil Code articles 1797, 1945, 2276, and 2277. Furthermore, on the reverse side of the purchase order it is set forth as Condition No. 1 in bold face type, that verbal modification of the order. will not be accepted contrary to the terms of the contract. In failing to notify plaintiff of any desire for a change in the sample submitted to him pursuant to the initial negotiations, defendant ratified the original contract as set forth in the written purchase order. Under Civil Code article 1901 specifying that parties are bound by the legal agreements between them defendant is obligated to plaintiff under the express terms of the contract between them.
The judgment of the lower court is reversed, and there is judgment in favor of the plaintiff-appellant, Specialties, Inc., d/b/a Barnett Advertising Specialties Company, against the defendant-appellee J. G. Blankenship, in the full sum and amount of One Hundred Thirty and No/100 ($130.00) Dollars with 5% per an-num interest from October 29, 1969 until paid, and 25% attorney fees on the amount of the principal.
The defendant-appellee will pay all costs of these proceedings.
Reversed and rendered.